JUDGE CAPRONI

14 CV 7762

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SEP 25 2014
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| | x |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| STRATEGIC LEGAL RESOURCES, INC., D/B/A STRATEGIC LEGAL SOLUTIONS, | : |
| Defendant. | : |
| | x |

CIVIL ACTION NO.

COMPLAINT

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the bases of age and retaliation and to provide appropriate relief to Claudia Zacks, who was adversely affected by such practices. As alleged with greater particularity in paragraph 11 below, Defendant, Strategic Legal Resources, Inc., d/b/a Strategic Legal Solutions, failed to hire, or, in the alternative, discharged Zacks because of her age. Additionally, Plaintiff alleges that Defendant discriminated against Zacks when it failed to hire, or, in the alternative, discharged her in retaliation for Zacks' opposition to age discrimination. Finally, Plaintiff alleges that Defendant denied future employment opportunities to Zacks because she complained of age discrimination.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant, Strategic Legal Resources, Inc. d/b/a Strategic Legal Solutions, a Delaware corporation, has continuously been doing business in the State of New York and the City of New York.

5.    At all relevant times, Defendant has procured employees for employers and has been an employment agency within the meaning of Section 11(c) of the ADEA, 29 U.S.C. § 630(c).

## CONCILIATION

6.    More than thirty days prior to the institution of this lawsuit, Zacks filed a charge with the Commission alleging violations of the ADEA by Defendant.

7. The Commission issued to Defendant a Letter of Determination dated September 27, 2013, notifying Defendant that the Commission found reasonable cause to believe that Defendant had discriminated against Zacks because of her age and retaliated against her for engaging in protected activity.

8. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

9. The conciliation efforts required by law have occurred and were unsuccessful.

   a. On September 27, 2013, the Commission issued to Defendant a Letter of Determination inviting Defendant to join with EEOC in informal methods of conciliation.

   b. On August 28, 2014, EEOC issued a Notice of Conciliation Failure advising Defendant that despite its efforts, EEOC was not able to secure an agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since at least August 2012, the Defendant has engaged in unlawful employment practices at its New York, New York, offices, in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a) and (b) as outlined below:

   a. In August 2012, Zacks was seventy years old and resided in New York, New York.

3

b. On the morning of August 13, 2012, Defendant's Executive Director of Real Estate Services in Defendant's New York office emailed Zacks about a document review assignment starting the following day in Novi, Michigan, and requested that Zacks respond immediately about whether she was interested.

c. Zacks quickly replied that she was interested in the job.

d. The Executive Director responded and wrote, "Welcome aboard!  You are confirmed to start tomorrow morning August 14th at 8:15am."  She also requested that Zacks provide additional information, including her date of birth.

e. Zacks provided the requested information within minutes, including her date of birth, and began making preparations for her travel to Michigan.

f. At approximately 10 a.m. that same morning, Zacks received a telephone call from one of Defendant's Recruitment Coordinators, who insisted that Zacks could not possibly arrive to the job site in time on the next day.  Zacks assured her she would be able to arrive on time.

g. When Defendant's Recruitment Coordinator was insistent, Zacks raised concerns that Defendant was rescinding the offer because of her age.

h. Defendant's Recruitment Coordinator responded that not only would Zacks not work on this assignment, but she would be placed on the "do not use" list and she need not apply for future job opportunities with Defendant.

i. Defendant's database contains an entry regarding Zacks dated "8/13-12" that commemorates Zacks' complaint of ageism and states both "DNU" and "I wouldn't use her at all!"

  j.   In Spring 2013, Zacks responded to a Craigslist posting seeking individuals interested in working on a document review project. The advertisement did not indicate that it was Defendant who had posted it. Zacks responded, providing her resume via email.

  k.   Zacks was contacted by a different Defendant representative from another office and was hired for a document review project in Novi, Michigan. After three days on the project, Zacks was summarily terminated.

12.   The effect of the practices complained of in paragraph 11 above has been to deprive Zacks of equal employment opportunities and otherwise adversely affect her status as an applicant for employment or, alternatively, as an employee, because of her age.

13.   The effect of the practices complained of in paragraph 11 above has been to deprive Zacks of equal employment opportunities and otherwise adversely affect her status as an applicant for employment or, alternatively, as an employee, in August 2012 because she engaged in protected activity.

14.   The effect of the practices complained of in paragraph 11 above has been to deprive Zacks of equal employment opportunities and otherwise adversely affect her status as an applicant for employment subsequent to August 2012, because she engaged in protected activity.

15.   The unlawful employment practices complained of in paragraph 11 above were, and continue to be, willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of age.

B.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates against any individual in retaliation for asserting his or her rights under federal employment law or otherwise engaging in protected activity.

C.  Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals forty years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

D.  Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Zacks.

E.  Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring of or front pay to Zacks.

F.  Order Defendant to make whole Zacks by providing compensation for past and future non-pecuniary losses, including pain, suffering, humiliation, and emotional distress resulting from Defendant's retaliatory conduct, in amounts to be determined at trial.

G.  Order Defendant to make whole Zacks by providing compensation for past and future pecuniary losses resulting from Defendant's retaliatory conduct, in amounts to be determined at trial.

H.  Order Defendant to pay punitive damages to Zacks for Defendant's reckless disregard or indifference to Zacks' protected rights through its retaliatory conduct, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street NE
Washington D.C. 20507


Robert D. Rose
Regional Attorney
robert.rose@eeoc.gov
(212) 336-3708

_Nora E Curtin_

Nora E. Curtin
Supervisory Trial Attorney
nora.curtin@eeoc.gov
(212) 336-3747


Kirsten Peters
Trial Attorney
kirsten.peters@eeoc.gov
(212) 336-3671

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004